(84 South. 440)

No. 22565.

## PLANTERS' FERTILIZER & CHEMICAL CO. v. BARTON.

(April 5, 1920. Rehearing Denied May 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Agriculture** ⬤⤳7—**That inspected fertilizer did not conform to representation does not make it "fraudulent fertilizer."**

That fertilizer manufactured by plaintiff and duly inspected by the official fertilizer inspector did not conform to the representations of plaintiff's agent does not make the same "fraudulent fertilizer," within the meaning of Act No. 126 of 1898.

2. **Evidence** ⬤⤳450(8)—**Statement of ammonia in fertilizer in contract not ambiguous, so as to be open to explanation.**

Where the contract called for "planters' cane fertilizer," 8 per cent. ammonia, such term was not an ambiguous term, so that it could be explained by evidence of representations of the seller's agents as to the kind of ammonia; the contract specifically providing that no agreement not expressed therein should be binding on the seller.

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Philip H. Gilbert, Judge.

Action by the Planters' Fertilizer & Chemical Company against C. C. Barton. From a judgment for defendant, plaintiff appeals. Judgment set aside, and judgment for plaintiff rendered.

W. C. Kirk, Walter Lemann, of Donaldsonville, and Denegre, Leovy & Chaffe, of New Orleans, for appellant.

George Seth Guion and Guion & Lambremont, all of Napoleonville, for appellee.

PROVOSTY, J. The plaintiff company sues defendant for the price, as per contract, of fertilizer sold to him, and also for the price of fertilizer sold to the firm of Barton & Barton, of which he guaranteed the payment, plus 6 per cent. interest, as agreed in the contract.

The defense is that the agent who negotiated the sale for plaintiff represented that the fertilizer would contain 8 per cent. ammonia in the form of either cotton seed meal or tankage, whereas it contained ammonia in neither of these forms, and proved to be valueless for the purpose for which it was sold and used, and, moreover, that it was fraudulent within the meaning of Act 126 of 1898, and that, consequently, defendant is under no obligation to pay for it.

[1] Said act dispenses the purchaser of fraudulent fertilizer from having to pay for same; but the fertilizer in question in this suit was not in itself fraudulent; there is no pretense that it was; it was an honest article of commerce, and was duly inspected by the official fertilizer inspector, and found to conform to all requirements. It did not accord with the representations which defendant says plaintiff's agent made, and which the agent denies having made; but this did not render it fraudulent. The representations, if made, might have been fraudulent, without the fertilizer itself being so.

[2] Plaintiff objected to all evidence in support of these alleged representations, on the

ground that it would be varying the written contract. The contract calls for "planters' cane fertilizer No. 8, 8 per cent. ammonia," with nothing said as to the kind of ammonia. Moreover, it contains the clauses that the fertilizer "is purchased without any guaranty from party of the first part, or its agents, as to results from its use," and that "no agreement not expressed in this contract shall be binding upon party of the first part."

The learned trial judge recognized that the agent was without authority to make any representations outside of, or beyond, the written contract, but thought that "planters' cane fertilizer No. 8, 8 per cent. ammonia," was an ambiguous term, for the explanation of which evidence was admissible. Our learned Brother does not inform us wherein said expression is ambiguous, or why it should be considered so, and our own mind is a blank on that subject. And the learned counsel for defendant are no more prodigal of explanation in that regard than our learned Brother, merely contenting themselves with reference to the well-known rule of evidence, according to which extrinsic evidence is admissible for throwing light upon ambiguous or obscure terms.

Ex industria the plaintiff showed that "planters' cane fertilizer No. 8, 8 per cent. ammonia" was manufactured according to advertised formula, was on the market as such, and that the article sold to defendant conformed with the formula.

The judgment appealed from, which rejected plaintiff's demand, is set aside, and it is now ordered, adjudged, and decreed that the plaintiff, Planters' Fertilizer & Chemical Company, have judgment against the defendant, Clarence C. Barton, in the sum of $5,719.15, with 6 per cent. per annum interest from June 22, 1913, and that the said defendant pay the costs of this suit.